**Elviz Arturo Morales ROMAN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–73438.

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2008.[*]

Filed March 25, 2008.

Charles E. Nichol, Esq., Law Office of Charles E. Nichol, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Allen W. Hausman, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, T.G. NELSON and BEA, Circuit Judges.

MEMORANDUM [**]

Elviz Arturo Morales Roman, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, protection under the Convention Against Torture ("CAT")

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

and cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence, *Gonzalez–Hernandez v. Ashcroft,* 336 F.3d 995, 998 (9th Cir.2003) and we deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's finding that in light of changed country conditions in Guatemala and the generalized nature of his fear, Roman did not establish a well-founded fear of persecution. *See Molina–Estrada v. INS,* 293 F.3d 1089, 1095–96 (9th Cir.2002).

Because Roman failed to establish eligibility for asylum, he necessarily fails to meet the more stringent standard for withholding of removal. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003). Substantial evidence also supports the IJ's denial of CAT relief because Roman failed to show it is more likely than not that he would be tortured if returned to Guatemala. *See id.*

We lack jurisdiction to review the agency's discretionary determination that Roman failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 890 (9th Cir.2003). Roman's contention that the agency deprived him of due process by misapplying the law to the facts of his case and by disregarding his evidence of hardship is not supported by the record and does not amount to a colorable constitutional claim. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005) ("traditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction."); *see also Sanchez–Cruz v. INS,* 255 F.3d 775, 779 (9th Cir.2001) (holding that the "misapplication of case law" may not be reviewed).

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.